```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 07-22038-Civ-GOLD
                         MAGISTRATE JUDGE P.A. WHITE

ROLANDO NUNEZ,                  :

     Petitioner,                :

v.                              :     REPORT OF
                                      MAGISTRATE JUDGE
JAMES R. McDONOUGH,             :

     Respondent.                :
_____
```

## I. Introduction

Rolando Nunez, a state prisoner confined at Calhoun Correctional Institution at Blountstown, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his convictions entered in Case No. 05-05369 in the Circuit Court of the Eleventh Judicial Circuit of Florida at Miami-Dade County.

This case has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition, the Court has the respondent's response to an order to show cause with multiple exhibits.

## II. Claims

Nunez essentially raises the following grounds for relief:

1. There was no lawful exception to the search warrant requirement in this case, rendering the search and resultant seizure unlawful.

    2.     His constitutional rights pursuant to <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966) were violated.

    3.     The police officers, who were posted outside his home for three days, should have obtained a warrant before searching his home and its surroundings.

    4.     His arrest was in violation of the Fourth Amendment because it was not supported by probable cause and, therefore, the subsequent warrantless search was tainted.

### III. <u>Procedural History</u>

The procedural history of this case is as follows. Nunez was charged by information with trafficking in cannabis and grand theft.[1] (DE# 8; App. A). Nunez filed a pretrial Motion to Suppress with subsequent supporting memorandum of law, arguing that all evidence collected without a warrant, but with Nunez's consent, was the fruit of the poisonous tree in that the consent was not freely and voluntarily given but in acquiescence to a show of authority. (DE# 8; App. B). The trial court conducted an evidentiary hearing on the motion where the following witnesses offered testimony: Nunez; Detective Henry Sacramento, employed by the Miami-Dade Police Department; and Elena Argilles, apparently Nunez's common law wife. (Transcript of Hearing conducted on May 8, 2006)(DE# 8; App. C). At the conclusion of the suppression hearing, the court denied the motion and certified the ruling as being dispositive of the case. <u>Id</u>. at 82.

Shortly after the trial court's ruling, Nunez entered into a negotiated plea agreement with the state whereby he agreed to enter pleas of no contest to the subject charges, reserving the right to appeal the dispositive order denying his Motion to Suppress. <u>See</u>

---

[1] Review of the record reveals that located on Nunez's property was a hydroponic marijuana laboratory containing thirty marijuana plants. Nunez was charged with trafficking in cannabis and grand theft of electricity from Florida Power and Light.

Transcript of change of plea and sentence proceedings conducted on May 11, 2006, at 4-6. (DE# 8; App. D). In exchange for the pleas, the state waived the statutory fine and recommended the mandatory minimum sentence of three years, as opposed to the possible maximum sentence of thirty-five years. Id. On May 11, 2006, Nunez appeared before the trial court for change of plea proceedings and the court conducted a thorough plea colloquy. Id. at 1-16.

Specifically, at the outset of the proceeding, after Nunez had been sworn, the trial court recited the terms of the negotiated plea agreement. Id. at 4-6. The court then asked Nunez whether he understood the terms and ramifications of the plea agreement, and he answered affirmatively. Id. at 6. When asked whether he wanted to proceed with the change of pleas, Nunez again responded with, "Yes." Id. During the colloquy, the court advised Nunez of all the constitutional rights associated with pleading not guilty and proceeding to trial and that by changing his pleas to no contest he was waiving all those rights, and he indicated that he understood. Id. at 6-9. When asked if he had been promised anything other than what had just been explained in exchange for his no contest pleas, Nunez answered in the negative. Id. at 11. When the court asked Nunez if he were entering the pleas freely and voluntarily, he answered affirmatively and stated that he was entering the no contest pleas because it was in his best interest to do so. Id. Nunez answered in the negative when asked if anyone had threatened or coerced him into entering into the pleas. Id. at 10. Also, during the proceeding, Nunez indicated that he understood the minimum and maximum penalties for the crimes charged and any probation violation charge. Id. at 9. Nunez also stated that he had thoroughly discussed the plea agreement with his lawyer and he had been satisfied with the services rendered by his attorney in all aspects of the case. Id. at 11-12. Once defense counsel stipulated

that the plea was in Nunez's best interest and that there existed a factual basis for the no contest pleas, the trial court accepted the no contest pleas as voluntarily and intelligently made with the advice of competent counsel. Id. at 12-13. The court further found that there existed a sufficient factual basis for the pleas based upon the stipulation of defense counsel and the court's review of the arrest affidavits. Id. Nunez was then adjudicated guilty of the subject crimes and sentenced in accordance with the plea agreement, with the court finding the motion to suppress dispositive in the case. Id. at 13-14.

Nunez prosecuted a direct appeal from his convictions, raising the claim that the trial court denied his motion to suppress in violation of his state and federal constitutional rights, because the consent to search was involuntary and was obtained after an illegal entry onto his locked fenced property. (DE# 8; App. F). The Florida Third District Court of Appeal affirmed the convictions and sentences in a per curiam decision without written opinion. Nunez v. State, 961 So. 2d 952 (Fla. 3 DCA 2007). Soon after Nunez's pro se motion for rehearing was denied by the state appellate court, Nunez came to this Court filing the instant pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.[2]

IV. Threshold Issues - Timeliness, Exhaustion and Procedural Bar

The respondent has filed a response to the petition, correctly conceding that this petition has been timely filed. See 28 U.S.C. §2244(d)(1)-(2). The respondent asserts, however, that except for claim one, the claims of this petition have not been exhausted

---

[2]Nunez indicates in his form petition that he filed a motion for postconviction relief pursuant to Fla.R.Crim.P. 3.850. (Petition at ¶9)(DE# 1). It is apparent from review of the record in its entirety that Nunez is confusing his direct appeal from the denial of his motion to suppress with a postconviction proceeding.

4

before the state courts. See 28 U.S.C. §2254(b)(1) and (b)(1)(A) (A state prisoner's habeas corpus petition "shall not be granted unless it appears that----the applicant has exhausted the remedies available in the courts of the State....").[3] The respondent further argues that these unexhausted claims are prospectively procedurally barred from federal habeas corpus review. As will be indicated below, the respondent is correct as to ground two. It appears that the respondent's procedural defenses regarding grounds three and four are likewise correct. However, since these claims are not reviewable on the merits in this federal proceeding for the reasons stated below, see Stone v. Powell, 428 U.S. 465 ((1976), a discussion of the procedural defenses of exhaustion and bar are unnecessary. See Chambers v. Bowersox, 157 F.3d 560, 564 n. 4 (8 Cir. 1998)(stating that "[t]he simplest way to decide a case is often the best.")

V. Discussion

A. Unlawful Search and Seizure

Nunez challenges the warrantless search of a shed located on the rear of his property and the resultant seizure of the marijuana plants found in the shed. Specifically, he complains in grounds one and three that the search was unlawful in that it was conducted without a warrant where no exigent circumstances existed and

---

[3] An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c). A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5 Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5 Cir. 1982), cert. denied, 460 U.S. 1056 (1983). A petitioner is required to present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270-275-77 (1971). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial. Leonard v. Wainwright, 601 F.2d 807, 808 (5 Cir. 1979).

without his lawful consent. And, in ground four, he appears to allege that his arrest at his home and subsequent search violated his Fourth Amendment rights, because the police lacked probable cause. Nunez's Fourth Amendment claims cannot be raised on habeas review.

It is well settled that a federal court may not grant habeas relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the Fourth Amendment claim. Stone v. Powell, 428 U.S. 465 (1976). See also Cardwell v. Taylor, 461 U.S. 571 (1983); Devier v. Zant, 3 F.3d 1445, 1455 (11 Cir. 1993); Harris v. Dugger, 874 F.2d 756, 761 (11 Cir.), cert. denied, 493 U.S. 1011 (1989); Ponce v. Cupp, 735 F.2d 333, 335 (9 Cir. 1984); Swicegood v. Alabama, 577 F.2d 1322, 1324-25 (5 Cir. 1978). This rule applies to all claims arising under the Fourth Amendment. See, e.g., Williams v. Collins, 16 F.3d 626, 637 (5 Cir.), cert. denied, 512 U.S. 1289 (1994)(search and seizure); Cardwell v. Taylor, 461 U.S. at 572 (arrest). The doctrine established in Stone v. Powell, supra has survived the passage of the AEDPA. See Bradley v. Nagle, 212 F.3d 559, 564-66 (11 Cir. 2000)("The Supreme Court ... has held that federal courts are precluded from conducting post-conviction review of Fourth Amendment claims where state courts have provided 'an opportunity for full and fair litigation' of those claims."), cert. denied, 531 U.S. 1128 (2001).

The above-reviewed procedural history of this case reveals that Nunez filed a pretrial motion to suppress the evidence seized in this case, arguing that the consent given to conduct the warrantless search was unlawful. Evidentiary proceedings were conducted before the trial court where testimony was taken and

argument made by counsel before the motion was denied.[4] See Motion to Suppress; Memorandum of Law in Support of Motion to Suppress; Transcript of proceedings conducted on May 8, 2006. (DE# 8; App. B, C). Nunez took an appeal from the denial of his motion to suppress where his claim was considered and rejected. See Nunez v. State, 961 So. 2d 952 (Fla. 3 DCA 2007). Thus, certain Fourth Amendment claims were fully litigated in the state courts and Nunez had an opportunity for full and fair litigation of his other claims which were not so raised.[5] Nunez has not alleged, let alone demonstrated, that the state court proceeding was inadequate and, from review of the record, this Court is satisfied that Nunez had a full and fair opportunity to litigate all his Fourth Amendment claims in the Florida courts. Nunez's Fourth Amendment claims are, therefore, precluded from federal habeas corpus review. See Bradley v. Nagle,

---

[4] In sum, after finding the officer's testimony credible and after considering Nunez's demeanor and testimony at the evidentiary hearing, the trial court ruled that based upon the totality of the circumstances in this case, Nunez had not been intimidated or forced to consent to the search and, therefore, the search to consent was lawful. (Transcript of proceeding conducted on May 8, 2006, at 76-82).

[5] As correctly asserted by the respondent, Nunez did not challenge his arrest as unlawful in the state courts, although the state processes were available to him and he was afforded an opportunity to challenge both his arrest and resultant search as unlawful at the trial level and on direct appeal. Nunez does not contend in this federal proceeding that he was denied the opportunity to present facts to the state trial court or to argue the issue before an appellate court regarding his Fourth Amendment challenge to his arrest. The Eleventh Circuit has "construed Stone v. Powell to bar consideration of a Fourth Amendment claim if the state has provided an opportunity for full and fair litigation of the claim 'whether or not the defendant employs those processes.'" Huynh v. King, 95 F.3d 1052, 1058 (11 Cir. 1996)(citing Caver v. Alabama, 577 F.2d 1188, 1192 (5 Cir. 1978))(footnote omitted). Thus, the deciding factor in the applicability of the *Stone v. Powell* principle to a particular case is the existence of state processes affording an opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's utilization of those processes. Id. at 1193. Since Nunez received a full and fair opportunity to litigate all his Fourth Amendment claims in the state courts, his Fourth Amendment claim of illegal arrest is therefore also foreclosed from federal habeas corpus review. See Lucas v. Johnson, 132 F.3d 1069, 1083 (5 Cir.)(holding that claim that arrest was in violation of Fourth Amendment because it was not supported by probable cause and, therefore, the subsequent confessions were tainted failed to state a basis for federal habeas relief pursuant to Stone v. Powell, supra), cert. dismissed, 524 U.S. 965 (1998).

212 F.3d at 565 (stating that "[w]e cannot now say that [petitioner] was denied a full and fair opportunity to litigate his Fourth Amendment claims, even were we to disagree with the state courts' analysis or conclusion. To do so would vitiate the Supreme Court's decision in Stone, which we are not empowered to do.")

### B. Miranda Violation

Nunez alleges in ground two that his constitutional rights pursuant to Miranda v. State of Arizona, 384 U.S. 436 (1966) were violated in several respects.[6] As correctly asserted by the respondent, this claim is unexhausted and prospectively procedurally barred from federal habeas corpus review in that Nunez never raised such a claim in the state trial and/or appellate courts. See Computerized Docket of Case No. 05-05369. (DE# 8; App. N). Since there are no procedural avenues available to Nunez to now exhaust any Fifth Amendment violation at the state level, the claim would be procedurally barred under Florida law.[7] Because claim two is now irrevocably barred from consideration by the state courts,

---

[6] If Nunez is also challenging his statements to the police as the fruits of an unlawful arrest, for the identical reasons stated herein with regard to claims one, three and four, Nunez is precluded from federal habeas corpus review. The Stone doctrine is equally applicable to statements allegedly obtained as fruits of an unlawful arrest. Devier v. Zant, 3 F.3d 1445, 1455 (11 Cir. 1994)(holding that based upon Stone v. Powell federal courts lack authority to review petitioner's claim that his Fourth Amendment rights were violated when he was arrested under authority of a warrant not supported by probable cause and that certain of his statements admitted at trial were the fruits of this allegedly improper arrest when the claims were raised before the state courts by way of a motion to suppress and an appeal from the denial), cert. denied, 513 U.S. 1161 (1995).

[7] In Florida, issues which could be but are not raised on direct appeal may not be the subject of a subsequent Rule 3.850 motion for postconviction relief. Kennedy v. State, 547 F.2d 912 (Fla. 1989). A defendant's claim that his in-custody statements were unlawfully obtained is a claim that should be raised in the trial court and then on direct appeal and is, therefore, barred if raised in a motion for postconviction relief. See Rose v. State, 675 So.2d 567, 569 n.1 (Fla. 1996). Because Nunez should have raised the subject claim first in the trial court and then on direct appeal, he is precluded from doing so collaterally in a Rule 3.850 motion.

8

this Court may deem the claim procedurally barred as well.[8] <u>Kelley v. Secretary for Dept. of Corr</u>., 377 F.3d 1317, 1351 (11 Cir. 2004)("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the district court] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.")(internal quotation marks omitted). Since Nunez has not alleged, let alone demonstrated, objective cause for the failure to properly raise the claim in the state courts and actual prejudice resulting from the errors complained of, he cannot overcome the procedural default. <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 848-49 (1999); <u>Coleman v. Thompson</u>, 501 U.S. 722, 750-51 (1991); <u>United States v. Frady</u>, 456 U.S. 152, 168 (1982); <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977).

Moreover, application of the bar is appropriate in this case, because Nunez has not established that a fundamental miscarriage of justice will result from application of the bar. To make such a showing, the petitioner must assert and demonstrate actual innocence. <u>See</u>  <u>House v. Bell</u>, ___ U.S. ___, 126 S.Ct. 2064 (2006); <u>Dretke v. Haley</u>, 541 U.S. 386, 124 S.Ct. 1847 (2004). Nunez does not appear to maintain that he is actually innocent of the crimes for which he was convicted. Even if he were to so contend, the actual innocence exception to the unreviewability of procedurally defaulted claims is applied only in the rarest of cases; <u>see</u> <u>Dretke</u>, 541 U.S. at 392-93, 124 S.Ct. at 1852, and Nunez has failed

---

[8]A procedural-default bar in federal court can arise in two ways: (1) when a petitioner raises a claim in state court and the state court correctly applies a procedural default principle of state law; or (2) when the petitioner never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred in state court. <u>Bailey v. Nagle</u>, 172 F.3d 1299, 1302-03 (11 Cir. 1999).

to meet the high standard.[9] See Bousley v. United States, 523 U.S. 614 (1998), quoting, Schlup v. Delo, 513 U.S. 298, 327-328 (1995). Accordingly, Nunez is not entitled to federal habeas corpus review on the merits of ground two of this federal petition. See O'Sullivan v. Boerckel, 526 U.S. 838, 848-49 (1999). See also Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); United States v. Frady, 456 U.S. 152, 168 (1982); Wainwright v. Sykes, 433 U.S. 72 (1977).

Even if the claim were not procedurally barred from federal habeas corpus review, Nunez would not be entitled to review on the merits of his claim in that the claim has been waived by the entry of the no contest pleas. It is well-settled that a defendant's plea of guilty made knowingly, voluntarily, and with the benefit of competent counsel, waives all nonjurisdictional defects in the proceedings. United States v. Broce, 488 U.S. 563 (1989). See also

---

[9] The Supreme Court has recently reiterated the standard to be applied to claims of actual innocence. See House v. Bell, ___ U.S. ____, 126 S.Ct. 2064, 2077 (2006)(citing Schlup v. Delo, 513 U.S. 298, 319-322, 324 (1995)). The Supreme Court noted that while the "standard is demanding and permits review only in the 'extraordinary' case", the Schlup standard does not require absolute certainty about the petitioner's guilt or innocence." Id. (citations omitted). Accordingly, "[a] petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt--or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." Id. In the habeas context, "actual innocence" means factual innocence, not mere legal insufficiency. Bousley v. U.S., 523 U.S. 614, 623 (1998). The petitioner must support the actual innocence claim "with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup, 513 U.S. at 324. The Supreme Court emphasized that actual innocence means factual innocence, not mere legal insufficiency. Id. See also High v. Head, 209 F.3d 1257 (11 Cir. 2000); Lee v. Kemna, 213 F.3d 1037, 1039 (8 Cir. 2000); Lucidore v. New York State Div. of Parole, 209 F.3d 107 (2 Cir. 2000)(citing Schlup v. Delo, 513 U.S. 298, 299, (1995); Jones v. United States,153 F.3d 1305 (11 Cir. 1998)(holding that appellant must establish that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him). In this federal proceeding, Nunez has come forward with no new reliable evidence to support any claim of actual innocence. Further, Nunez entered pleas of no contest which were found to have a factual basis in the record. See Transcript of change of plea and sentence proceeding at 12-3. See also Transcript of evidentiary hearing conducted on May 8, 2006.

Barrientos v. United States, 668 F.2d 838, 842 (5 Cir. 1982). As the Supreme Court has explained:

> A guilty plea represents a break in the chain of events which had preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973). Exceptions to the general rule are those cases which are constitutionally infirm because the government has no power to prosecute them at all, which is not applicable to this case. See Broce, 488 U.S. at 574-575. The same principle holds true for voluntary pleas of nolo contendere.[10] See United States v. Broome, 628 F.2d 403, 404-05 (5 Cir. 1980)(holding that an attack on the sufficiency of the evidence was waived by entering a plea of nolo contendere); Williams v. Wainwright, 604 F.2d 404, 406-07 (5 Cir. 1979)(holding that defendant's voluntary plea of nolo contendere waived all non-jurisdictional defects). See also Hudson v. United States, 272 U.S. 451, 455 (1926)(stating that a plea of nolo contendere is, like a plea of guilty, an admission of guilt for purposes of the case); Carter v. Collins, 918 F.2d 1198, 1200 n. 1 (5 Cir. 1990)(stating that because a plea of nolo contendere is treated as an admission of guilt, the law applicable to a guilty plea is also applicable to a plea of nolo contendere).

Thus, a voluntary no contest plea constitutes a waiver of all non-jurisdictional defects in the proceeding up to that point, which includes the failure to advise the defendant of his constitutional rights and an involuntary confession under the Due

---

[10] The general principles of law with regard to guilty pleas are equally applicable for pleas of nolo contendere. North Carolina v. Alford, 400 U.S. 25, 37 (1970).

Process Clause or Miranda. See Franklin v. United States, 589 F.2d 192, 194-95 (5 Cir. 1979)(holding that guilty plea waives claims regarding Miranda warnings, coerced confessions, perjury, and illegal searches and seizures in a section 2255 proceeding). See also Tiemens v. United States, 724 F.2d 928, 929 (11 Cir.)(stating that "a guilty plea waives all nonjurisdictional defects occurring prior to the time of the plea, including violations of the defendant's rights to a speedy trial and due process"), cert. denied, 469 U.S. 837 (1984). The record reveals that Nunez entered his pleas of no contest knowingly, voluntarily and intelligently with the aid of competent counsel.[11] Accordingly, petitioner is not entitled to habeas review of his claim.

## VI. Conclusion

Based upon the foregoing, it is recommended that the petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

SIGNED this 7th day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[11] As indicated herein, Nunez affirmed during the change of plea proceeding that he had understood all terms of the negotiated plea agreement and all of the constitutional rights that he was waiving by virtue of the entry of the instant no contest pleas. (Transcript of plea and sentence proceeding at 4-9). Nunez's sworn statements made in connection with the entry of the no contest pleas carry a strong presumption of truthfulness and pose a formidable barrier in these subsequent collateral proceedings. See Blackledge v. Allison, 431 U.S. 63, 74 (1977); Kelley v. Alabama, 636 F.2d 1082, 1084 (5 Cir. Unit B. 1981). Accordingly, by entering the no contest pleas, Nunez affirmatively waived his rights to pursue a challenge to his confession.

```
cc:   Rolando Nunez, Pro Se
      DC# B03561
      Calhoun Correctional Institution
      19562 S.E. Institutional Drive, Unit 1
      Blountstown, FL 32424

      Timothy R.M. Thomas, AAG
      Department of Legal Affairs
      444 Brickell Avenue
      Suite 650
      Miami, FL 33131
```